UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LADRELL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1648-ZMB |
| | ) | |
| ST. LOUIS HEART & VASCULAR, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Ladrell White's Employment Discrimination Complaint, Application to Proceed in District Court Without Prepaying Fees or Costs, and Motion for Appointment of Counsel. Docs. 1–3. While White has demonstrated an inability to pay the filing fee, his Complaint fails to state a claim for relief. As such, White must file an amended complaint detailing the events giving rise to his employment-discrimination claims and attach documentation proving he has exhausted his administrative remedies. And because White demonstrates he is capable of prosecuting this action without attorney assistance, the Court denies his motion to appoint counsel at this time.

## BACKGROUND

### I. Factual Background

While White's Complaint itself says very little about the facts of his case, *see* Doc. 1, he included a number of documents that the Court will consider at this stage, *see* Docs. 1-3, 1-4.[1]

[1] In accordance with Federal Rule of Civil Procedure 10(c), the Court will assume that the attached exhibits are a part of the pleading. *See Pratt v. Corr. Corp.*, 124 F. App'x 465, 466 (8th Cir. 2005) (finding that a district court must consider attachments to a complaint in ruling on dismissal). *But see* FED. R. CIV. P. 10(c) ("A copy of a *written instrument* that is an exhibit to a pleading is a part of the pleading for all purposes.") (emphasis added); *Ameriprise Fin. Servs., Inc. v. Rsrv. Fund*, 2008 WL 11456114, at *5 (D. Minn. Dec. 15, 2008) ("[A] 'written instrument' has been defined as 'a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.'" (citations omitted)).

Defendant St. Louis Heart & Vascular employed White as a technician from 2020 through July 2025. Doc. 1-3 at 1. White suffers from a dust mite allergy that causes atopic dermatitis. Doc. 1-4 at 1–5. In May 2025, his symptoms worsened, and he received a doctor's note indicating he should avoid mold and dust mites in his workplace. Doc. 1-4 at 3. White also received episodic FMLA leave of up to three days per episode each month. Doc. 1-4 at 6–7.

In June 2025, White made an Americans with Disabilities Act (ADA) accommodation request with St. Louis Heart & Vascular related to his allergies, which included a request to be removed from the "CNE location" and returned to his "original location." Doc. 1-4 at 8. He also suggests that either vinyl or linoleum flooring be installed rather than the carpet currently in his work location. *Id*. White claims he never received a response to his request form and that, "due to the lack of a reasonable accommodation, [his] disability was exacerbated," which negatively impacted his "ability to be successful in [his] position." Doc. 1-3 at 1.

Shortly after making his request, White was suspended, Doc. 1-3 at 1, ostensibly because he was not properly monitoring patients' rhythmic patterns, Doc. 1-4 at 11. A few days after this incident, White submitted a complaint to human resources. *See* Doc. 1-3 at 1. White was terminated from his position the next month. *Id*.

## II. Procedural Background

A month after his termination, White filed a Charge of Discrimination with the EEOC asserting disability discrimination and retaliation. Doc. 1-3. Although White states in his Complaint that he has received a right-to-sue letter from the EEOC, *see* Doc. 1 at 3, but he did not provide a copy.

White asserts claims against St. Louis Heart & Vascular for race and color discrimination, as well as ADA claims for failure to accommodate his disability, the termination of his

employment, retaliation, and an alleged hostile work environment. Doc. 1 at 1, 4. White additionally asserts a Rehabilitation Act claim.

Although the above facts are derived from documents he attached to his Complaint, the only "Statement of Claim" in his Complaint is as follows:

> The conduct of Chris Stockton in my belief was discriminatory due to my race and disability via micromanaging, having me escorted from the premises by multiple police/security officers upon suspension. Non-compliance with reasonable accommodation request as well as little to no remediation of issues surrounding disability confirmed by FMLA approval. Wrongful termination by Denise Baker based on false accusation. Denial of unemployment benefits due to false accusation.

Doc. 1 at 5.[2] White seeks damages for lost wages, pain and suffering and emotional distress, prospective damages, and injunctive relief. *Id.*

**LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action "fails to state a claim on which relief may be granted." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plausible claim for relief also requires more than the "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and

[2] In the section titled "Request for Relief," White also claims that St. Louis Heart & Vascular breached a contractual agreement and alleges that unnamed people at the company defamed him. Doc. 1 at 7. But White did not provide any factual allegation related to these statements.

common sense." *Id*. at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). But the Court need not assume unalleged facts. *See Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). When reviewing a self-represented litigant's complaint under section 1915, the Court liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). In other words, if a court can discern "the essence of an allegation," it should interpret the complaint in a way that permits it to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## DISCUSSION

### I. Application to Proceed in Forma Pauperis

First, the Court grants White's Application to proceed without paying the initial filing fee. Congress requires that federal courts collect a filing fee from a party "instituting any civil action, suit, or proceeding." 28 U.S.C. § 1914. However, courts may waive this fee for individuals who demonstrate an inability to pay. *Id*. § 1915(a)(1). Proceeding in forma pauperis ("IFP"), or without prepayment of fees and costs, "is a matter of privilege, not of right." *Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013). To obtain IFP status, a litigant must file an affidavit demonstrating the inability to pay. 28 U.S.C. § 1915(a)(1).

With the commencement of this action, White sought waiver of the filing fee. Doc. 3. His Application indicates that his gross income is approximately $1,950 per month, that his monthly expenses are over $1,200, and that he has about $1,300 in his bank accounts. *Id.* at 1–2. He also avers that he has a number of outstanding medical debts, though he is unsure of the amount. White sufficiently shows that his income is low enough that he cannot pay the costs associated with this

litigation and "provide himself and dependents with the necessities of life." *See Ford v. Bd. of Healing Arts*, No. 4:23-CV-01392-SEP, 2023 WL 8449071, at *1 (E.D. Mo. Dec. 6, 2023) (citation omitted). As such, the Court grants White's application to proceed IFP.

## II. Section 1915(e) Screening

### *a. Review of the Complaint*

In granting White IFP status, the Court must screen the Complaint for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed the Complaint, the Court finds at least four pleading deficiencies with it.

First, the Complaint is generally devoid of factual allegations. Although the exhibits may be considered at the section 1915(e) screening stage, exhibits are no substitute for the pleading requirements under Rule 8. *See Aery v. Arhart*, 2021 WL 5413876, at *1 (D. Minn. 2021). Although considering the allegations in the documents attached to his Complaint prevents outright dismissal, White must include all factual allegations in his amended complaint.

Second, White's claim for the Rehabilitation Act is deficient. To plead such a claim, White "must prove: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) he was discriminated against based on his disability." *M.P. ex rel. K and D.P. v. Independent Schl. Dist. No. 721*, 439 F.3d 865, 867 (8th Cir. 2006) (alterations and citation omitted). White has not included any facts suggesting that he was denied the benefits of a federally funded program or that St. Louis Heart & Vascular is a public entity. Should White wish to proceed on this claim, he must include facts in his amended complaint suggesting as much.

Third, at least under the current circumstances, White cannot allege a race or color discrimination claim. To proceed with a Title VII employment-discrimination claim, a plaintiff must first exhaust their administrative remedies. *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980,

989 (8th Cir. 2011). Exhaustion requires all claims brought in this Court to be "like or reasonably related to the administrative charge" filed with the EEOC. *Wedow v. City of Kan. City*, 442 F.3d 661, 672 (8th Cir. 2006) (citation omitted). White's charge of discrimination does not indicate race or color discrimination. *See* Doc. 1-3 at 1–2. As such, White cannot proceed on those claims unless he provides documentation to show that he exhausted his remedies as to race and color discrimination.

Finally, White fails to demonstrate that he exhausted his administrative remedies. To proceed on an employment-discrimination claim, White must show that he has exhausted his administrative remedies. *See Harris v. Mo. Central Schl. Bus*, No. 4:23-CV-01387-SRW, 2023 WL 8827734, at *2 (E.D. Mo. Dec. 21, 2023). That can happen only once White obtains a right-to-sue letter from the EEOC. *Godfrey v. Clayco Inc.*, 2021 WL 2915068, at *2 (E.D. Mo. July 12, 2021) ("Receipt of a Right-to-Sue letter is a 'condition precedent' to filing a discrimination suit.") White did file a portion of a right-to-sue letter. *See* Doc. 1-3 at 4. But that attachment is merely stock language and does not indicate what decision the EEOC made as to his own claim. As such, White must attach his right-to-sue letter to proceed with his claim.

***b. Instructions for Amending the Complaint***

Although White's Complaint is subject to dismissal, the Court will give him an opportunity to amend his complaint. However, White must cure the above noted deficiencies and adhere to the following instructions. Pursuant to Local Rule 2.06, White shall file his Amended Complaint on the Court's Employment Discrimination form and, at minimum, must address the deficiencies identified above. Any amended complaint must also include specific facts supporting claims of discrimination and describe what actions St. Louis Heart & Vascular took that White believes were discriminatory, when those actions occurred, and how they were connected to his disability. If

White alleges a hostile work environment, he must specify what conduct created the alleged hostile environment, who was involved, and how it affected his employment. Additionally, White should clearly identify the legal basis for his claims (e.g., Title VII of the Civil Rights Act, Americans with Disabilities Act) and attach all supporting documentation, including his EEOC right-to-sue letter. However, as explained above, these documents cannot substitute for factual allegations in the amended complaint itself. Further, if White wishes to pursue any race or color discrimination claims, he must include an EEOC charge and right-to-sue letter that demonstrates he raised those issues with the Commission.

Moving forward, White must be mindful that an amended complaint will completely replace his original Complaint, meaning any claims not re-alleged in his amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Should White file an amended complaint, the Court will once again screen it under section 1915(e). Finally, White must file any amended complaint that adheres to these requirements **no later than September 7, 2026.** Should he fail to do so, the Court will dismiss this action without prejudice and without further notice.

## III. Motion for Appointment of Counsel

Finally, White moves for the appointment of counsel. Doc. 2. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902

F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. White has demonstrated that he has the capacity to present his claims to the Court. Additionally, neither the factual nor the legal issues in this employment discrimination case appear to be complex. That said, the Court may entertain a future request for counsel after White provides an amended complaint.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff Ladrell White's Application to Proceed in District Court Without Prepaying Fees and Costs [3] and **DENIES** his [2] Motion for Appointment of Counsel without prejudice. Further, after initial review under 28 U.S.C. § 1915(e), the Court orders White to file an amended complaint **no later than September 7, 2026.** The amended complaint must be filed on the Court provided form and address all issues noted in this Order. White must attach any right-to-sue letters he received from the EEOC and any additional EEOC charges of discrimination he would like the Court to consider. **White's failure to comply with this Order in full will result in the dismissal of this action without prejudice and without further notice to him.**

The Clerk is directed to provide White with a copy of the Court's Employment Discrimination Court form.

So ordered this 17th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE